# EXHIBIT "A"

2e7none

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LARRY R. TALTON, II & STACIE C. TALTON,

       Plaintiffs,

v.

       No. 2:11-cv-14512-DML-MKM
       Hon. David M. Lawson

BAC HOME LOANS SERVICING, LP,

       Defendant.

---

## AFFIDAVIT REGARDING DISCOVERY

ADAM J. GANTZ, of full age, being first duly sworn, deposes as follows:

1.      I am the attorney for the above-referenced Plaintiffs.

2.      I prepared the Brief in Response to Defendant's Motion to Dismiss.

3.      I was unable to properly respond to a number of issues raised within Defendant's Motion, for the reason that this lawsuit has **just** been filed, no initial disclosures have been made, and no discovery has been conducted.

4.      Specifically, I require discovery into the following issues raised within Defendant's Motion:

      a.      Bank of America is attempting to foreclose as mortgagee, but the Note attached to its pleadings was issued in favor of TBW, and has never been assigned or endorsed. Making matters worse, TBW has gone out of business. As such, discovery is required to determine who owns the Note, and who therefore maintains the authority to foreclose.

      b.      Bank of America claims that borrowers may only utilize housing counselors, and not attorneys, to participate in the statutory modification process. Defendant utilized an attorney, which has participated in hundreds of statutory modifications with Defendant and its attorneys, Trott & Trott, and neither Defendant nor Trott & Trott objected. Discovery is therefore required to determine whether Defendant can properly support its claim that a borrower may contact an attorney instead of a housing counselor to participate in Michigan's statutory modification process.

1

c.      Plaintiffs required discovery to determine whether Bank of America has truly authorized the law firm of Trott & Trott to modify mortgages serviced by Bank of America, as alleged without an affidavit or any documentary support by counsel for Defendant.

d.      Given that Defendant did not address this issue within its Motion seeking to dismiss Plaintiff's Complaint in its entirety, Plaintiffs require discovery to determine whether Defendant's calculations showed that Plaintiffs were entitled to modification, at which point Defendant would have been required by statute to cancel the sheriff's sale and instead conduct a judicial foreclosure, and Plaintiffs would have been authorized by statute to file this lawsuit.

5.      I have personal knowledge of the facts as stated herein, and if called as a witness,

I can competently testify as to these facts.

ADAM J. GANTZ